IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**TROY J. DAIGLE**                                                                                        **PLAINTIFF**

v.                                        **NO. 1:10CV00011 BSM**

**THE HARTFORD LIFE AND
ACCIDENT INSURANCE
COMPANY**                                                                                                  **DEFENDANT**

**ORDER**

Defendant Hartford Life and Accident Insurance Company ("Hartford") requests a protective order (Doc. No. 7) and plaintiff Troy J. Daigle moves to compel discovery (Doc. No. 12) and to set aside the scheduling order (Doc. No. 10). Hartford's motion for protective order is granted and Daigle's motions to compel and to set aside scheduling order are denied.

I. FACTUAL BACKGROUND

While employed at Wal-Mart Stores, Inc. ("Wal-Mart"), Daigle enrolled in a long-term disability ("LTD") policy provided by Hartford. Compl., ¶¶ 3-4. He was disabled on May 6, 1997 and received benefits from August 1997 to January 2007. *Id.* at ¶ 3-5.

Hartford notified Daigle on January 31, 2007 that he was no longer eligible for benefits. *Id.* at ¶ 6. Although Daigle appealed, his benefits were terminated on September 11, 2007 because Hartford found that Daigle was no longer disabled. Letter attached at Exhibit 3 to defendant's motion for protective order (Doc. No. 7).

Daigle sued Hartford on January 15, 2010 for reinstatement of his benefits and for damages, and served discovery with the complaint. Hartford now seeks relief from

responding to Daigle's discovery, arguing that this is an Employee Retirement Income Security Act of 1975, ("ERISA") 29 U.S.C. § 1001, case and that Daigle has failed to show good cause why discovery should be conducted. In response, Daigle disputes the applicability of ERISA and seeks discovery responses that address whether the policy is governed by ERISA and that substantiate his argument that the ERISA safe harbor provision, 29 C.F.R. § 2510.3-1(j), applies. Daigle also argues that because ERISA does not apply, the ERISA scheduling order should be set aside.

## II. DISCUSSION

Whether ERISA applies is a mixed question of fact and law. *Kulinski v. Medtronic Bio-Medicus, Inc.*, 21 F.3d 254, 256 (8th Cir. 1994). The ERISA safe harbor provision provides in pertinent part that:

> (j) the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which
> (1) No contributions are made by an employer or employee organization;
> (2) Participation the program is completely voluntary for employees or members;
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j).  For the provision to apply, all four criteria must be met.  *Berry v. Provident Life and Accident Ins. Co.*, No. 05-CV-4139(KES), 2007 WL 1795837 at *4 (D.S.D. June 19, 2007).  "Because the claim of ERISA preemption is a defense, the burden is on [the] defendant to establish that the safe harbor regulation is inapplicable."  *Id.* (quoting *Merrick v. Northwestern Mut. Life Ins. Co.,* No. 99-CV-1042(MJM), 2001 WL 34152095 at *7 (N.D. Iowa 2001)).

Hartford maintains that the plan fails to satisfy the third criteria because Wal-Mart endorsed the policy.  Defendant's consolidated response and reply ("Deft's resp."), p. 3 (Doc. No. 16).  This court has held that employers endorse policies if they exercise control over the policy, make the policy appear to be a part of its own benefit package, and do not merely facilitate the policy's availability.  *Gray v. Prudential Ins. Co. of Am.*, No. 3:05-CV-65(WRW), 2006 WL 1897235 at *2 (E.D. Ark. July 11, 2006).  This court in *Gray* found that an employer had endorsed a policy when the summary plan description ("SPD") bore the employer's logo, stated that the employer determined eligibility, notified employees of their ERISA rights, and identified the employer as the plan administrator, sponsor, and agent for service of process.  *Id.* at *3.

The "Associate Benefits Book," which Hartford maintains was in effect when Daigle enrolled in the policy at issue, is attached as Exhibit A to defendant's consolidated response. Deft's resp., p. 4; Exh. A.  This document clearly shows that Wal-Mart endorsed the policy at issue.  For example, it states that "Wal-Mart offers all eligible associates several benefit

3

programs from which to choose coverage for medical, dental, life, and disability," and "Wal-Mart Stores, Inc. offers a wide variety of benefits." Associate Benefits Book, p. 4. The back cover bears Wal-Mart's logo. *Id*. at 59. The administrative section near the end of the booklet refers to the "Wal-Mart Benefits Program" and the "Wal-Mart Stores, Inc. Associates Health and Welfare Plan." *Id*. at 56.

While the policy section notifies enrollees that coverage is approved by Hartford and that proof of disability should be submitted directly to Hartford, *Id*. at 40, 42, eligibility criteria are established by Wal-Mart. *Id*. at 6. Wal-Mart is also identified as the plan sponsor and plan administrator. *Id*. at 57. A Wal-Mart employee is identified as the policy's agent for service of legal process. *Id*. Finally, the booklet also provides employees with notice of their ERISA rights. *Id.*

Daigle seeks discovery to help answer whether the first, second, and fourth criteria in the safe harbor provision are satisfied. Plaintiff's brief in support of response to defendant's motion for protective order ("Pltf.'s resp."), p. 3 (Doc. No. 13). Daigle recognizes, however, that in order for the safe harbor provision to apply, Wal-Mart must have had a limited role in the employee's enrollment in the policy to satisfy the third criterion. *Id*. at 4. His third interrogatory states: "Please state whether Wal-Mart Stores, Inc., had any function vis-a-vis group policy #GLT-024554 other than publishing notice of the program to its employees and collecting premiums through payroll deduction." Interrogatories attached at Exhibit A to Pltf's resp. His fourth interrogatory seeks a list of other functions

4

that Wal-Mart performed in the provision of the Hartford LTD policy. *Id*.

Although Hartford's answers to Daigle's interrogatories might be relevant if compelled, Hartford seems to have already answered whether Wal-Mart performed additional functions beyond passively facilitating and publishing notice of the LTD policy to Daigle. Upon review of the Associate Benefits Book, or the summary plan description, Wal-Mart actively endorsed the plan under the precedent of this district. Therefore, the safe harbor provision's third criterion cannot be met. The safe harbor provision does not apply, and ERISA governs this case.

For all of these reasons, the administrator's decision on Daigle's appeal is reviewed for an abuse of discretion. *Wakkinen v. Unum Life Ins. Co. Of Am.*, 531 F.3d 575, 580 (8th Cir. 2008). While evidence beyond the administrative record may be admitted, Daigle will have to show good cause in order to compel discovery from Hartford. *Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 107 F.3d 1198, 1200 (8th Cir. 1998). In light of the determination that ERISA governs this case, Daigle has not shown good cause to compel Hartford's responses to his seven interrogatories. Hartford is thus relieved of its obligation to respond to those interrogatories and Daigle's motion to compel is denied.

### III. CONCLUSION

For the reasons set forth above, Hartford's motion for a protective order (Doc. No. 7) is granted, and Daigle's motions to compel discovery (Doc. No. 12) and to set aside the ERISA scheduling order (Doc. No. 10) are denied.

IT IS SO ORDERED this 6th day of May, 2010.

                                                            UNITED STATES DISTRICT JUDGE